# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

ANDREW BELLAMY,            )
                           )
    Plaintiff,           )
                           )
v.                         )    Case No. CIV-18-206-KEW
                           )
ANNIE BRUNER,              )
                           )
    Defendant.           )

## OPINION AND ORDER

This matter comes before the Court on the Order to Show Cause entered August 9, 2018 and the subsequent response by Defendant. This Court required Defendant to show cause as to why this case should not be remanded to the state court from which it was removed based upon a lack of federal subject matter jurisdiction. This case arose from a Petition for Protection from Abuse Order or a protective order issued by the state district court in Montgomery County, Kansas. As a threshold matter, a party cannot remove a case from one state's state district court to the Federal Court of the party's choice in another state. The case must be removed "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). On this issue alone, removal was improper.

However, on a jurisdictional basis, removal was also inappropriate to this Court. Domestic issues have been determined to be outside of the jurisdiction of federal courts and an

exception to diversity jurisdiction.  *See* Vaughan v. Smithson, 883 F.2d 63 (10th Cir. 1989).  Defendant's references to a Missouri custody order and compliance with the Uniform Child Custody Jurisdiction Enforcement Act ("UCCJEA") and even constitutional challenges to the UCCJEA as suggested by Defendant does nothing to confer federal jurisdiction to this Court.  Nothing prevents state courts from ruling upon the constitutionality of statutes.  In fact, they may be more competent to do so given the issues involved in such a determination reference state laws almost exclusively.  The only document removed to this Court is the Petition for a protective order from the Kansas state court.  Any other issues which might be raised by Defendant through the Notice of Removal outside of the Petition in an attempt to confer federal jurisdiction would also be improper.

In response to the show cause order, Defendant asserts that the case of Brunt v. Abernathy, 79 So.3d 425 (La. App. 3d Cir. 2011) stands for the proposition that this Federal Court possesses jurisdiction to consider a case under the UCCJEA.  In fact, the case arises in a state court in Louisiana and addresses one state court giving full faith and credit to the domestic orders in another state court.  Federal jurisdiction is not implicated.  Indeed, the case bolsters this Court's position that these type of domestic issues are best left to the state courts.

Defendant also included a "Request to Join Cases" as a part of

the removal petition, requesting that this case be consolidated with the case styled <u>Annie Bruner v. Andrew Bellamy</u>, CIV-18-190-RAW pending before United States District Judge Ronald A. White. Given the jurisdictional defects in the current removal action and the faulty removal procedure employed by Defendant, it would be improper to join this action with the one pending before Judge White which ostensibly asserts original federal jurisdiction.

IT IS THEREFORE ORDERED that this case is hereby **REMANDED** to the District Court in and for Montgomery County, Kansas for further adjudication based upon the lack of federal jurisdiction over the subject matter of the action.

IT IS SO ORDERED this 20th day of March, 2019.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE